**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ALBERTO QUINONES-HERRERA, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-73648 <br><br> Agency No. A097-395-893 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2016**
San Francisco, California

Before: WALLACE, SCHROEDER, and N.R. SMITH, Circuit Judges.

Jose Alberto Quinones-Herrera, a citizen and native of Mexico, petitions for

review of a decision of the Board of Immigration Appeals (BIA) affirming an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge's (IJ) denial of withholding of removal and relief under the

Convention Against Torture (CAT).[1]

Substantial evidence supports the BIA's conclusion that Quinones-Herrera

did not establish past persecution or a clear probability of future persecution. To

qualify for withholding of removal, Quinones-Herrera must show the source of the

persecution is the government or persons or groups that the government is

unwilling or unable to control. *See Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th

Cir. 2007); *Avetova-Elisseva v. INS*, 213 F.3d 1192, 1196 (9th Cir. 2000).

Quinones-Herrera does not argue that the source of persecution (drug smugglers

from Mexico[2]) was the government, and he failed to show that the drug smugglers

were "forces that the government [was] unwilling or unable to control." *See*

*Canales-Vargas v. Gonzales*, 441 F.3d 739, 743 (9th Cir. 2006); *see also*

*Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (failure to report

---

[1] Quinones-Herrera did not challenge the BIA's denial of CAT relief in his opening brief. Thus, this argument is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

[2] Quinones-Herrera alleges he fears persecution in Mexico, because he has had interactions with drug smugglers in Mexico and testified against human smugglers during a trial in the United States. Quinones-Herrera has not presented any evidence that he will be targeted or harmed because of his testimony at trial.

2

non-governmental persecution due to belief that police would do nothing did not establish that government was unwilling or unable to control persecutors).

According to Quinones-Herrera, he did not report the 2003 incident with the smugglers to government authorities, because he did not believe the police would help him. The only evidence Quinones-Herrera presented to show that the government would be unwilling or unable to help him, however, was his confusing hearing testimony about his interactions with the police when he first entered the United States. *See Castro-Martinez v. Holder*, 674 F.3d 1073, 1081 (9th Cir. 2011).

Further, the record evidence of country conditions does not compel a finding that the Mexican government is unable or unwilling to protect Quinones-Herrera from smugglers in Mexico. Although the Country Report suggests widespread violence and corruption throughout Mexico, it also suggests that measures have been taken to combat police abuses. Quinones-Herrera did not "demonstrate [Mexico's] lack of ability or willingness to respond to violence by 'establishing that private persecution of a particular sort is widespread and well-known but not controlled by [it]' or 'showing that others have made reports of similar incidents to no avail.'" *Id.* (quoting *Rahimzadeh*, 613 F.3d at 922). Further, Quinones-Herrera did not "demonstrat[e] that [Mexico's] laws or customs effectively deprive[d]

3

[him] of any meaningful recourse to governmental protection" nor did he "establish that going to the authorities would have been futile or would have subjected [him] to further abuse." *Id.* (quoting *Rahimzadeh*, 613 F.3d at 921-22) (alterations omitted).

Because we find that the source of the persecution was not the government or forces that the government is unwilling or unable to control, we need not address whether Quinones-Herrera was persecuted an account of a protected ground.

**PETITION FOR REVIEW DENIED.**